**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **ROBERT WILLIAMS, *et al*,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| **v.** | § | **CIVIL ACTION NO. H-03-04692** |
| | § | |
| **AMERUS LIFE INSURANCE COMPANY,** | § | |
| | § | |
| | § | |
| **Defendant.** | § | |

**MEMORANDUM AND ORDER**

Pending before the Court are Plaintiffs' and Plaintiffs' Counsel's Motion to Deposit in Lieu of Supersedeas Bond and to Stay Execution of Judgment (Doc. # 99) and Motion for Relief from Judgment (Doc. # 112), and Defendant's Motion for Dissolution of Stay and for Release of Funds in the Registry of Court and/or for Turnover and for Recovery of Attorneys' Fees and Costs (Doc. # 103). For the reasons set forth below, Plaintiffs' and Plaintiffs' Counsel's Motion to Deposit in Lieu of Supersedeas Bond and to Stay Execution of Judgment is **GRANTED**. The remaining motions are **DENIED**.

**I. Background**

This case arises from claims asserted by Plaintiffs Robert Williams and David Williams and Third-Party Counter-Plaintiff Anne Williams ("Plaintiffs") to life insurance proceeds under policies issued by Defendant. On August 3, 2005, the Court granted summary judgment for Defendant and dismissed Plaintiffs' claims with prejudice, finding that Plaintiffs were aware of material misrepresentations made in the policy applications. After a hearing on October 5, 2005, the Court granted Defendant's motion for attorneys' fees and ordered Plaintiffs "and/or their counsel" to pay Defendant's attorneys' fees and costs in the amount of $136,845.06, pursuant to Texas Business and Commerce Code section 17.50(c). The Court granted Defendant's motion to

dismiss its pending third-party claims on March 1, 2006, and entered a Final Judgment disposing of all claims and parties to this suit. Plaintiffs thereafter filed a notice of appeal.

Following entry of the Final Judgment, Defendant filed writs of execution against Plaintiffs and Plaintiffs' Counsel, Charles L. Fridge III, Christopher Gadoury, and the law firm Fridge & Resendez LLC ("Counsel"), seeking to collect upon the Court's award of attorneys' fees and costs. At a hearing on April 4, 2006, the Court ordered a stay of further writs of execution against Counsel, in order to permit Counsel to provide Defendant with a copy of their malpractice insurance policy. The Court held a further hearing on May 2, 2006, at which Counsel presented the Court with a motion to stay execution of the Court's judgment and to make a cash deposit in lieu of posting a supersedeas bond, and the Court permitted Defendant ten days to file a response. Thereafter, Defendant filed a motion to dissolve the stay and release or turnover the cash deposit, and for additional attorneys' fees, and Plaintiffs and Counsel filed a motion for relief from judgment. The Court held a hearing on these motions on June 23, 2006.

**II. Relief from Judgment**

Plaintiffs and Counsel ("Movants") urge the Court to grant relief from its October 5, 2005 Order awarding attorneys' fees and costs and its Final Judgment of March 1, 2006, pursuant to Federal Rule of Civil Procedure 60(b). Movants contend that the Order and Final Judgment cannot be deemed final because they do not identify, by name, all of the parties upon which Defendant has sought execution, and because they lack specificity in defining the division of the award granted. Movants additionally contend that the Final Judgment does not comply with Federal Rule of Civil Procedure 58. None of these arguments is meritorious.

First, Movants note that the Court's award of attorneys' fees and costs against Plaintiffs "and/or their counsel" does not identify by name the individuals or entities from whom the judgment may be collected. Citing the Fifth Circuit's decision in *Norwood v. Harrison*, Movants

argue that this failure to identify counsel by name renders the award and judgment indefinite and uncertain. 563 F.2d 722, 723-24 (5th Cir. 1977). Movants urge that numerous attorneys have represented Plaintiffs, and that the Court should issue a new final judgment naming each of the individuals to whom "their counsel" refers.

Contrary to these assertions, however, *Norwood* is distinguishable from this case. In *Norwood*, the Fifth Circuit reviewed an order holding "the members and Executive Secretary of the Mississippi State Textbook Purchasing Board, and their successors in office" liable in their official capacity for attorneys' fees, in a case challenging the constitutionality of a state statute that authorized the distribution of state-owned textbooks to elementary school students. 563 F.2d at 723. The order reserved the district court's jurisdiction to implement its mandate. *Id.* Finding that the order was not a final judgment, the court noted that "No board members are named and no judgment is entered against anybody or against the Board as an official arm of the State. We are unable to see how a writ of execution could issue against anybody on the strength of this document." *Id.* at 724.

Here, unlike the district court in *Norwood*, the Court issued a Final Judgment on March 1, 2006, which referenced the October 5, 2005 Order awarding attorneys' fees and costs, and which entered judgment as to all claims and all parties to this action. Additionally, unlike the members of a board and their successors, who may vary from time to time, Counsel have consistently and exclusively represented Plaintiffs throughout this litigation. The names and/or signatures of Attorney Charles L. Fridge, III ("Fridge") and Attorney Christopher Gadoury ("Gadoury") appear on all of Plaintiffs' filings in this case.[1] On each of these documents, Fridge and

[1] *See* Plaintiffs Robert and David Williams's Original Petition filed in Texas state court (Doc. # 1); Plaintiffs' Answer to Defendant's Counterclaim (Doc. # 11); Third-Party Counter-Plaintiff Anne Williams's Counterclaim (Doc. # 22); Plaintiffs' Motion for Partial Summary Judgment (Doc. # 36); Plaintiffs Robert and David Williams's First Amended Complaint (Doc. # 45) and Second Amended Complaint (Doc. # 57); Third-Party Counter-Plaintiff Anne Williams's First Amended Counterclaim (Doc. # 46) and Second Amended Counterclaim (Doc. # 58);

Gadoury's names are followed by a statement designating them as Plaintiffs' attorneys in charge. Similarly, Fridge and Gadoury both attended the Rule 26(f) conference on February 2, 2004 (*see* Doc. # 7), Fridge attended a hearing before this Court on February 1, 2005, and Gadoury attended the hearing regarding attorneys' fees on October 5, 2005.

With the exception of attorney Erik Larson, whose name appears on Plaintiffs Robert and David Williams's state court complaint, no other attorney's name appears on any pleadings or other documents filed by Plaintiffs in this action, nor has any other attorney appeared on behalf of Plaintiffs. Similarly, while the law firm Larson Fridge LLP is referenced in the state court complaint and Plaintiffs' Answer to Defendant's Counterclaim, all subsequent filings bear the name of the law firm Fridge & Resendez LLC. While Plaintiffs may have retained other counsel in other proceedings and matters, Fridge and Gadoury have been Plaintiffs' exclusive counsel throughout this action. Their identities are readily ascertainable from the pleadings and filings, which properly inform the Court's award of attorneys' fees and costs. *See Kincade v. Jeffery-De Witt Insulator Corp.*, 242 F.2d 328, 331 n.5 (5th Cir. 1957) ("A judgment in terms against 'the defendants' without particularly naming them, in legal effect, is a valid judgment against all who are regularly defendants to the suit; and who are such, is a matter to be ascertained by reference to the process, pleadings and proceedings in the suit.") (internal quotation omitted). That the Court's Order of October 5, 2005 and Final Judgment of March 1, 2006 do not identify Counsel by name, therefore, does not render them invalid, inconclusive, or not final. No modification of the Court's Order or Final Judgment is warranted on this ground.

Second, Movants argue that the Court should modify its October 5, 2005 Order because it fails to identify the intended division of payment between Plaintiffs and their counsel. Movants

---

Plaintiffs' Response to Defendant's Motion for Summary Judgment (Doc. # 66); Plaintiffs' Surreply to Defendant's Motion for Summary Judgment (Doc. # 68); and Plaintiffs' Response to Defendant's Motion for Attorneys' Fees (Doc. #72).

assert that they, as well as ministerial officers, are at a loss to identify the amount for which each individual is responsible. This argument ignores the phrasing of the Court's Order, which awarded attorneys' fees and costs against Plaintiffs "and/or their counsel." The use of the phrase "and/or" makes Plaintiffs and Counsel jointly and severally liable for Defendant's attorneys' fees and costs, and no clarification of the Order is needed.

Finally, Movants assert that the Court's October 5, 2005 Order and Final Judgment do not comply with Federal Rule of Civil Procedure 58(a), which requires a final judgment to be set forth in a separate document. Movants contend that, because the Final Judgment refers to the October 5, 2005 Order, and because that Order requires reference to other documents and pleadings to determine the identities of Plaintiffs' counsel, neither the Order nor the Final Judgment is a separate document, as required by Rule 58(a). As Defendant correctly points out, however, Rule 58 also provides that a separate document is not required for certain orders, including those disposing of a motion for attorneys' fees pursuant to Rule 54. FED. R. CIV. P. 58(a)(1)(C). Thus, no separate judgment was required for the award of attorneys' fees set forth in the Court's October 5, 2005 Order, and both the Court's Order and Final Judgment comply with Rule 58.[2]

The Fifth Circuit considers relief from judgment under Federal Rule of Civil Procedure 60(b) to be "an extraordinary remedy," and has held that "the desire for a judicial process that is predictable mandates caution in reopening judgments." *Carter v. Fenner*, 136 F.3d 1000, 1007 (5th Cir. 1998) (quotation omitted). Movants have failed to show that relief from, or modification of, the Court's October 5, 2005 Order or Final Judgment is necessary or justified. Accordingly, their Motion for Relief from Judgment is **DENIED**.

[2] Even if the award of attorneys' fees and costs was required to be set forth in a separate document, however, the Final Judgment, and the October 5, 2005 Order to which the Final Judgment refers, are sufficiently definite and specific to satisfy this requirement, as discussed above.

**III. Stay of Execution of Judgment and Cash Deposit**

Movants also urge the Court to stay execution of its Final Judgment of March 1, 2006, holding Plaintiffs and Counsel liable for Defendant's attorneys' fees and costs, pursuant to Federal Rule of Civil Procedure 62. Rule 62(d) provides that "[w]hen an appeal is taken the appellant by giving a supersedeas bond may obtain a stay . . . ." As Defendant notes, although Plaintiffs have appealed the Court's judgment, Counsel have not personally appealed the judgment. Thus, Defendant urges, Counsel are not appellants, and Rule 62(d) should not apply to Counsel. Defendant has not, however, cited any controlling authority holding that a court may not stay execution of a judgment as to both parties and the parties' counsel when the judgment is appealed by the parties, nor has the Court found such a case.

As Defendant asserts, the Fifth Circuit has held that Rule 62(d) does not authorize a district court to stay the execution of a judgment that is not pending on appeal. *In re Zapata Gulf Marine Corp.*, 941 F.2d 293, 294-95 (5th Cir. 1991). In *Zapata*, the district court entered a final judgment in favor of the plaintiff and denied the defendant's motion for relief from the judgment, pursuant to Rule 60(b). *Id.* at 294. The district court also stayed the execution of its final judgment pending the defendant's appeal of the denial of its Rule 60(b) motion. *Id.* Finding that the only judgment on appeal was the district court's denial of the Rule 60(b) motion, the Fifth Circuit held that Rule 62(d) did not authorize the court to stay execution of its final judgment, which was not currently on appeal. *Id.* at 295. Here, however, the judgment as to which Movants seek a stay – that holding Plaintiffs and Counsel liable for attorneys' fees and costs – is the very judgment that is presently on appeal. The holding of *Zapata* is therefore not applicable to the situation at issue here, and it does not preclude a stay of execution of this Court's Final Judgment.

Nor do the other cases cited by Defendant preclude the Court from staying execution of its Final Judgment as to both Plaintiffs and Counsel, pending Plaintiffs' appeal. In *Scholz Homes, Inc. v. Larson*, the court held that a surety or fund deposited on behalf of several appealing parties stands liable as to those parties who fail on appeal, even if the judgment is reversed as to other parties. 437 F.2d 1060, 1062 (7th Cir. 1971). Similarly, *In re Western Fidelity Marketing, Inc.* involved a cash deposit made on behalf of two appellants, one of whom failed on appeal. 218 F. Supp. 2d 832, 832-33 (N.D. Tex. 2002). While these cases do lend some support to Defendant's argument that a non-appealing party should not be entitled to a stay of execution pending appeal, neither case is controlling on this Court. Additionally, these cases are distinguishable from that at issue here, as *Scholz* and *In re Western* involved bonds or cash deposits made on behalf of various appealing parties, as well as the final disposition of at least one party's appeal. Finally, the Texas Court of Appeals held, in *Young v. Kilroy Oil Company of Texas*, that the filing of a supersedeas bond does not allow a non-appealing party to stay execution of a judgment. 673 S.W.2d 236, 242 (Tex. App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.). This holding was based upon the Texas Rules of Civil Procedure, rather than the Federal Rules, and it is also not controlling in this case.

Defendant additionally contends that Counsel are not entitled to a stay of execution of the Final Judgment because they cannot make a sufficient showing as to the four factors set forth in *Hilton v. Braunskill*: (1) the likelihood of success on the merits of the appeal; (2) whether they will be irreparably injured absent a stay; (3) the risk of harm to other parties interested in the proceeding if the stay is granted; and (4) whether the granting of the stay will serve the public interest. 481 U.S. 770, 776 (1987). This four-factor test, however, applies to stays of judgments granting, dissolving, or denying injunctive relief, pursuant to Rule 62(c) or (g). *See id.* (citing Rule 62(c)); *United States v. Baylor Univ. Med. Ctr.*, 711 F.2d 38, 39 (5th Cir. 1983) (applying

the four factors to a motion to stay a district court's judgment ordering investigation by the U.S. Department of Health and Human Services); *Ruiz v. Estelle*, 650 F.2d 555, 565 (5th Cir. 1981) (applying the four factors to a motion to stay an injunction pending appeal). Defendant has not cited a case in which this four-factor test has been held to apply to a stay of execution of a judgment for damages or other monetary relief under Rule 62(d).

Additionally, federal courts have recognized their equitable power to stay the execution of judgments when necessary to accomplish the ends of justice. *See, e.g.*, *United States v. Denver & Rio Grande W. RR.*, 223 F.2d 126, 127 (10th Cir. 1955) ("Apart from the Federal Rules of Civil Procedure, federal courts are empowered to temporarily stay the execution of their judgments whenever it is necessary to accomplish the ends of justice."); *Johnson v. McDole*, 394 F. Supp. 1197, 1203 (W.D. La. 1975) (staying execution of a judgment "in the interest of justice and pursuant to the inherent equitable power of the [c]ourt"). *See also S. Pac. Transp. Co. v. San Antonio*, 748 F.2d 266, 270 (5th Cir. 1984) (recognizing a trial court's discretion to stay the execution of judgment).

Here, a stay of execution of the Final Judgment awarding attorneys' fees and costs as to both Plaintiffs and Counsel is in the interest of justice and fairness. Although Counsel have not personally appealed the Final Judgment, Fridge and the law firm Fridge & Resendez LLC represent Plaintiffs in their appeal. Counsel are thus involved in the appeal of the Final Judgment, at least in this sense. Further, the Court's award of attorneys' fees and costs in this case was based, in large part, upon Plaintiffs' knowledge of the material misrepresentations in the applications for the insurance policies at issue, as well as the fact that Counsel should have known of the misrepresentations at the time that they filed pleadings with this Court and pursued Plaintiffs' case. Considering Plaintiffs' bad faith and deception, it would be unfair for Counsel to bear the full brunt of the attorneys' fees and costs immediately, when it is at least theoretically

possible – albeit unlikely – that the Court of Appeals will reverse the summary judgment granted to Defendant. This is not to say that Counsel will not ultimately be liable for the attorneys' fees and costs, regardless of the outcome of Plaintiffs' appeal. In the interest of justice, however, a stay of execution of the Court's Final Judgment, until the conclusion of Plaintiffs' appeal, is warranted as to both Plaintiffs and Counsel.

Finally, Movants seek to make a cash deposit with the Clerk of the Court, for the full amount of attorneys' fees and costs, in lieu of a supersedeas bond. Movants correctly note that a cash bond may be sufficient to provide an effective form of security to protect the judgment creditor. *See Poplar Grove Planting & Ref. Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189,1191 (5th Cir. 1979) ("[I]f the judgment debtor's present financial condition is such that the posting of a full bond would impose an undue financial burden, the court similarly is free to exercise a discretion to fashion some other arrangement for substitute security . . . which would furnish equal protection to the judgment creditor."). While Defendant opposes the granting of a stay of execution of the judgment as to Counsel, Defendant has not raised any objection to a cash deposit in lieu of a supersedeas bond. Accordingly, a cash deposit with the Clerk of this Court, in the sum of $136,845.06, is approved in lieu of a supersedeas bond. Upon the deposit of this sum, any proceedings to enforce the Final Judgment are stayed, pending the conclusion of Plaintiffs' appeal from this judgment. Plaintiffs' and Counsel's Motion to Deposit in Lieu of Supersedeas Bond and to Stay Execution of Judgment is **GRANTED**.

**IV. Dissolution of Stay and Release of Funds or Turnover**

Defendant, in anticipation of Plaintiffs' and Counsel's cash deposit, has moved to dissolve the stay of execution of the Court's Final Judgment and to foreclose on the cash deposit, and for turnover of the funds under the Texas Turnover Statute, Texas Civil Practice and Remedies Code section 31.002. For the reasons set forth above, a stay of execution of the

Court's Final Judgment is appropriate and necessary to further the ends of justice. Defendant's Motion for Dissolution of Stay and for Release of Funds in the Registry of Court is therefore **DENIED**. Turnover under the Texas Turnover Statute is similarly inappropriate.

Pursuant to the Texas Turnover Statute:

> A judgment creditor is entitled to aid from a court of appropriate jurisdiction through injunction or other means in order to reach property to obtain satisfaction on the judgment if the judgment debtor owns property, including present or future rights to property, that: (1) cannot readily be attached or levied on by ordinary legal process; and (2) is not exempt from attachment, execution, or seizure for the satisfaction of liabilities.

TEX. CIV. PRAC. & REM. CODE § 31.002(a). As Movants correctly assert, the Texas Turnover Statute is not intended for use as a general collection remedy, but rather, is intended for use "where traditional methods ha[ve] proved to be inadequate." *World Fuel Servs. Corp. v. Moorehead*, 229 F. Supp. 2d 584, 586 (N.D. Tex. 2002). *See also* *Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 224 (Tex. 1991) (characterizing the Texas Turnover Statute as "the procedural device by which judgment creditors may reach assets of a debtor that are otherwise difficult to attach or levy on by ordinary legal process").

Here, Defendant has made no showing that any of Plaintiffs' or Counsel's property cannot be readily attached or levied on by ordinary legal process. Additionally, and more importantly, the Court has found that execution of its Final Judgment should be stayed as to both Plaintiffs and Counsel, pending Plaintiffs' appeal. Like foreclosure of the cash deposit, turnover would defeat such a stay. Defendant's Motion for Turnover is likewise **DENIED**.

**V. Additional Attorneys' Fees**

Finally, Defendant has moved for additional attorneys' fees incurred with respect to the motions herein discussed, pursuant to the Texas Deceptive Trade Practices Act (DTPA), Texas Business and Commerce Code section 17.50(c), as well as the Texas Turnover Statute, Texas

Civil Practice and Remedies Code section 31.002(e). The Court is not convinced, however, that any relief sought or arguments advanced by Movants in these motions have been groundless or made in bad faith.[3] Accordingly, Defendant's Motion for Recovery of Attorneys' Fees and Costs is **DENIED**.

**VI. Conclusion**

Plaintiffs' and Plaintiffs' Counsel's Motion to Deposit in Lieu of Supersedeas Bond and to Stay Execution of Judgment is **GRANTED**. Plaintiffs' and Counsel's Motion for Relief from Judgment and Defendant's Motion for Dissolution of Stay and for Release of Funds in the Registry of the Court and/or for Turnover and for Recovery of Attorneys' Fees and Costs are **DENIED**.

**IT IS SO ORDERED**.

**SIGNED** this 11th day of July, 2006.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT**

[3] Thus, the Court need not determine whether an award of attorneys' fees incurred in connection with post-judgment motions would be allowable under section 17.50(c) of the DTPA.